UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PAOLA ALVA,

                **Plaintiff,**                            <u>VERIFIED COMPLAINT</u>
                                                            <u>AND JURY TRIAL DEMAND</u>

-against-

                                                                Index No.

COMMUNITY MEDICAL                            **06 CIV. 3688**
& DENTAL CARE, INC.,

                **Defendant.**                                     **BRIEANT**
-----------------------------------------------------------x

      Plaintiff Paola Alva, by and through her attorney, Paul N. Cisternino, as and for her complaint, alleges as follows:

## INTRODUCTION

      1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

      2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(k) and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

      3. Plaintiff alleges herein that she was subjected to discrimination, denied the

equal terms, conditions and privileges of employment, and illegally terminated based on gender/pregnancy.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and her complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the E.E.O.C., a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a Hispanic female who at all times relevant herein resided within Westchester County in the State of New York.

8. Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff was employed as a "Registrar" in February 2005 at the Defendant's Spring Valley location.

11. During her period of employment with the Defendant, Plaintiff always performed her job duties in a competent and professional manner, her time and attendance was always good, and she has never been given any indication that her job performance was less than acceptable.

12. During her period of employment, Plaintiff's direct supervisor was Marsha Boddie ("Boddie"); the administrator for the Clinic and Ms. Boddie's supervisor was Executive Director Sharon Milner ("Milner").

13. In early May 2005, Plaintiff learned she was pregnant and so informed Boddie.

14. Boddie subsequently informed Plaintiff that she was to be terminated as of July 4, 2005.

15. When Plaintiff questioned why she was being terminated given her good job performance, although not expressly stating that her pregnancy caused the termination, Boddie was unable to provide a reason for it and implied that it was related to the pregnancy.

16. Plaintiff was not given the opportunity to take maternity leave and, upon information and belief, does not believe that the Clinic had a written or other type of maternity/pregnancy policy.

17. At the time Plaintiff was terminated, she was making $12.00 per hour with a 40-hour workweek.

18. In August 2005, Plaintiff filed a complaint against the Defendant alleging pregnancy discrimination with the United States Equal Employment Opportunity Commission.

### AS AND FOR A FIRST CAUSE OF ACTION BASED ON GENDER (PREGNANCY) UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as though fully set forth herein.

20. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and illegally terminated based on her gender and/or pregnancy.

21. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION BASED ON GENDER (PREGNANCY) UNDER NEW YORK EXECUTIVE LAW §290

22. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as though fully set forth herein.

23. By engaging in the foregoing conduct, Defendant has violated Plaintiff's

4

rights under the State Human Rights Law in that Plaintiff was disparately treated and illegally terminated based on her gender and/or pregnancy.

24. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Paola Alva, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        May 9, 2006

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

By: _____
    Paul N. Cisternino (PC0317)
701 Westchester Avenue  Suite 308W
White Plains, New York  10604
(914) 997-0303

## VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

PAOLA ALVA, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
PAOLA ALVA

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/07

Subscribed and sworn to before me this
12th day of May, 2006.

_____
Notary Public

6

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Paola Alva<br>3 Calvert Street<br>Harrison, NY 10528 | From: | New York District Office - 520<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-03498 | Patricia M. Araujo, Investigator | (212) 336-3681 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr.,
Director

02/21/06
*(Date Mailed)*

Enclosure(s)

cc: **BEN GILLMAN MEDICAL & DENTAL CLINIC**
**175 A Route 59**
**Spring Valley, NY 10977**
c/o Sharon Milner, Executive Director
**40 Robert Pitt Drive**
**Monsey, NY 10952**